UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DANIEL GOMEZ, <br> Institutional ID No. 1589930, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. <br> 1:12-CV-084-BL |
| EDDIE WHEELER, Warden, et al., | § § | ECF |
| Defendants. | § § | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state prisoner confined to the French Robertson Unit ("Robertson Unit") of the Texas Department of Criminal Justice - Institutional Division ("TDCJ"), is proceeding *pro se* and *in forma pauperis*. He filed a complaint under 42 U.S.C. § 1983 on May 16, 2012 (Doc. 1). Plaintiff alleges that Robertson Unit officials were deliberately indifferent to his health and safety

Plaintiff indicated his consent to proceed before the United States magistrate judge pursuant to 28 U.S.C. § 636(c) on June 19, 2012 (Doc. 5). This case was reassigned to the United States magistrate judge on July 19, 2012 (Doc. 7). The court set an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and 28 U.S.C. § 1915 to further develop the factual basis of Plaintiff's claims. Plaintiff appeared and testified in his own behalf.

### I. BACKGROUND

In his complaint, as supplemented by his testimony, Plaintiff claims that:

1. During all times relevant to the claims set forth in his complaint, Plaintiff was confined to the Robertson Unit.

2. Plaintiff has repeatedly filed offender protection requests, alleging that he is seeking protection from the threat of sexual assault, violence, and extortion in the unit.

3. Plaintiff testified that he was assaulted in 2009 or 2010 by another inmate, and sustained scratches to his face. He further testified that in 2009 or early 2010, he felt other inmates make sexual advances on him while he was sleeping.

4. Despite the numerous offender protection investigations ("OPIs"), officials at the Robertson Unit have not placed Plaintiff in protective custody and have continually found Plaintiff's claims of danger to be unsubstantiated.

5. Plaintiff simulated a suicide attempt in order to be in a cell by himself. Plaintiff was later returned to a regular cell.

6. Plaintiff began to carry a weapon, a sharp piece of plastic, believing he needed to take his safety into his own hands. Plaintiff was caught with the weapon and placed in a segregation cell. While Plaintiff felt that he was safer, Plaintiff does not want to be placed in such a cell for punishment.

7. Plaintiff desires to be transferred to a unit that is closer to his mother.

8. Plaintiff's grievances and requests have been denied.

Plaintiff is injunctive relief and an award of damages.

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions thus apply to this prisoner civil rights action. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A "complaint may be

dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F. 3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. *Id.* The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing). In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

The court has reviewed Plaintiff's arguments and claims in his complaint as supplemented by his testimony, to determine whether Plaintiff's claims present grounds for dismissal or present cognizable claims which require the Defendants to answer and the case to proceed.

### A.  Deliberate Indifference to Health and Safety

Plaintiff alleges that the Defendants were deliberately indifferent to his health and safety by failing to grant his requests for protective custody. Plaintiff argues that he experiences stress and

sleep loss as a result of his fear of possible violence, sexual assault, or extortion by other inmates in the general population.

It is well settled that the Eighth Amendment to the Constitution protects inmates from "conditions so serious as to deprive [them] of the minimal measure of life's necessities." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). In its prohibition of cruel and unusual punishment, the Eighth Amendment to the Constitution imposes restraints on prison officials who must "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). This duty includes protecting prisoners from the violence of other prisoners. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (referring to the protection of an inmate as a condition of confinement). Prison officials, however, are not liable under the Eighth Amendment for every injury suffered by one prisoner at the hands of another. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To violate the Cruel and Unusual Punishment Clause in cases regarding conditions in a prison, the prison official must have a state of mind of deliberate indifference to the inmate's health or safety. *Wilson*, 501 U.S. at 302-03. A complainant must show that a prison official's state of mind was "one of 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834 (1994). "The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it." *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). Thus, the prison official must "know of and disregard [the] excessive risk to inmate health or safety," and have a "'sufficiently culpable state of mind.'" *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) (quoting *Farmer*, 511 U.S. at 834).

A prison official is not liable for deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference." *Farmer,* 511 U.S. at 838. "[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. A claimant may rely on circumstantial evidence indicating that because the risk was obvious, the official must have known of the risk to the inmate. *See Hope v. Pelzer,* 536 U.S. 730, 738 (2002).

Nevertheless, the "'failure to alleviate a significant risk that [the official] should have perceived, but did not'" is not sufficient to show deliberate indifference." *Domino v. Tex. Dep't of Crim. Justice,* 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Farmer,* 511 U.S. at 838). Rather, a finding of deliberate indifference must rest on facts "clearly evincing 'wanton' actions on the part of the defendants." *Hall,* 190 F.3d at 697 (5th Cir. 1999) (quoting *Farmer,* 511 U.S. at 834). Mere negligence or neglect, however, does not constitute deliberate indifference. *Fielder v. Bosshard,* 590 F.2d 105, 107 (5th Cir. 1979).

Plaintiff's factual allegations, accepted as true, demonstrate that he repeatedly submitted requests for protection, that officials conducted OPIs but found Plaintiff's claims unsubstantiated, and that Plaintiff chose to first simulate a suicide attempt, then carry a prohibited weapon, to achieve the ends sought. Plaintiff's own testimony and allegations indicate that officials considered his requests, that there was no obvious risk, and that officials did not act wantonly in denying Plaintiff's requests. Plaintiff's allegations further reveal that Robertson Unit officials reasonably responded to his concerns that he would be harmed. *See Farmer,* 511 U.S. at 844 (explaining that officials are not liable if they reasonably responded to a known substantial risk). Plaintiff's failure to protect claims lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE.**

**B.      Due Process, Supervisory Capacity and Unit Assignment Claims**

Plaintiff alleges that Defendants, warden and assistant wardens of the Robertson Unit, are liable because of their positions of leadership at the unit. Plaintiff also alleges that the Defendants deprived him of due process of law insofar as his requests and grievances were denied at both the unit and regional levels.

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F. 2d 1146, 1150 (5th Cir. 1994). Plaintiff's allegations fail to demonstrate any unconstitutional policy that caused an injury to Plaintiff.

Plaintiff constitutional claims against Defendants in their supervisory capacities thus lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE.**

Plaintiff asserts that the Defendants failed to provide him with the relief requested and denied his grievances and requests for protection. The Fifth Circuit has made it clear that a "prisoner has a liberty interest only in 'freedoms from restraint . . . imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Geiger v. Jowers*, 404 F.3d 371, 374

(5th Cir. 2005) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) and *Sandin*, 515 U.S. at 484). Plaintiff does not "have a federally protected liberty interest in having these grievances resolved to his satisfaction." *Id.*

Plaintiff's claims regarding the denial of his grievances and requests do not implicate any constitutionally protected right. Such factual allegations, accepted as true, fail to state a cognizable claim and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Plaintiff further contends that his request for housing closer to his mother or requests for transfer to other units have been denied. The Due Process Clause does not, however, confer by itself a protected liberty interest in the location or unit of his confinement. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). As such, a prisoner has no constitutional right to be housed in a particular facility. *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996).

Plaintiff's claims related to his unit assignment lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### III. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law,

**IT IS ORDERED THAT:**

Plaintiff's claims against the Defendants in their individual, official, or supervisory capacities for cruel and unusual punishment in the form of deliberate indifference to heath and safety and deprivation of due process of law are **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation

to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are denied.

A copy of this order shall be sent by first-class mail to all parties appearing *pro se*. Any attorney of record shall be notified electronically or by first-class mail.

**SO ORDERED.**

DATED this 31st day of January, 2013.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**